1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

| | |
|---|---|
| ALBERTO CAMPOS, | CASE NO. 1:06-cv-00248-AWI DLB PC |
| Plaintiff, | ORDER STRIKING DUPLICATIVE OPPOSITION (Doc. 31) |
| v. | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION |
| PAUL M. SCHULTZ, et al., | TO DISMISS BE GRANTED IN PART AND |
| Defendants. | DISREGARDED IN PART, AND THIS ACTION BE DISMISSED WITHOUT LEAVE TO AMEND. |
| | (Doc. 19) |
| / | OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

9
10
11
12
13
14
15
16
17

18    <u>**Findings and Recommendations on Defendants' Motion to Dismiss**</u>

19         Plaintiff Alberto Campos ("Plaintiff") is a federal prisoner proceeding pro se and in forma

20    pauperis in this civil action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau</u>

21    <u>of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal

22    actors.  This action is proceeding against Defendants Schultz, DeVere and Miller ("Defendants") on

23    Plaintiff's complaint, filed March 3, 2006.  On October 29, 2007, Defendants filed a motion to

24    dismiss for lack of subject matter jurisdiction, failure to state a claim, and on the grounds that

25    defendants are entitled to qualified immunity.  (Doc. 19.)  Plaintiff filed an opposition on June 20,

26    2008,[1] and Defendants filed a reply on June 26, 2008.  (Docs. 29, 30.)

27    _____

28         [1] Two identical oppositions were received and filed by the Clerk's Office.  (Docs. 29, 31).  The second opposition shall be stricken from the record as duplicative.  (Doc. 31.)

**I.   Summary of Plaintiff's Complaint**

This action is proceeding against defendants Miller, Schultz and DeVere for violation of the Due Process Clause.  Plaintiff alleges that on October 23, 2005, his radio and headphone set were taken by officers during a shake-down.  Plaintiff alleges that defendant DeVere was present and conducting the search.  Plaintiff alleges that he informed defendant DeVere that officers had taken his property.  Plaintiff alleges that he wrote to both defendant Schultz and defendant DeVere concerning the issue.  Plaintiff contends that defendant Schultz did not respond, and that defendant DeVere provided him with a tort claim form.

Plaintiff alleges that on November 16, 2005, defendant Miller attempted to persuade plaintiff to stop his tort claim, in exchange for other used items in defendant Miller's office.  Plaintiff alleges that when he refused, defendant stated "Then I will deny everything for you, and you will get nothing".

**II.   Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Defendants seek dismissal of plaintiff's claims brought against them in their official capacities, on the grounds that the court lacks subject matter jurisdiction.   Defendants assert that they have not waived sovereign immunity, and therefore any claims that pertain to them in their official capacities must be dismissed.

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994).  As a result, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests on the party asserting jurisdiction." Id. (citations omitted).  Rule 12(b)(1) of the Federal Rules of Civil Procedure permits dismissal for lack of subject matter jurisdiction.   In a facial attack such as this, the allegations in Plaintiff's complaint are taken as true and all reasonable inferences are drawn in his favor.  Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).  Further, the complaint must be construed liberally because Plaintiff is proceeding pro se.  Id.

In the instant case, plaintiff does not state whether his claims are against defendants in their official or personal capacities.  If a complaint does not state the capacity in which the persons are sued, it is presumed that they are sued in their personal capacities.  See Romano v. Bible (9th Cir.

1    1999) 169 F3d 1182, 1186.  Further, "[p]ersonal-capacity suits seek to impose personal liability upon

2    a government official for actions [the official] takes under color of state law".  <u>See</u> <u>Kentucky v.</u>

3    <u>Graham</u>, 473 U.S. 159, 165 (1988).  Where plaintiff is seeking damages against a government

4    official, this "necessarily implies" a personal-capacity suit because an official-capacity suit would

5    be barred.  <u>See</u> <u>Cerrato v. San Francisco Community College Dist.</u>, 26 F.3d 968, 973 n.16 (9th Cir.

6    1994); <u>Shoshone-Bannock Tribes v. Fish & Game Comm'n</u>, 42 F.3d 1278, 1284 (9th Cir. 1994);

7    <u>Price v. Akaka</u>, 928 F.2d 824, 828 (9th Cir. 1991).

8         Drawing all reasonable inferences in plaintiff's favor, the court presumes that the defendants

9    are so named in their personal capacities, thereby rendering moot defendants' motion to dismiss for

10    lack of subject matter jurisdiction.  The court therefore recommends that defendants' motion to

11    dismiss for lack of subject matter jurisdiction be disregarded.

12    **III.    Motion to Dismiss for Failure to State a Claim**

13         Defendants further seek dismissal of this action pursuant to Federal Rule of Civil Procedure

14    12(b)(6).

15         "The focus of any Rule 12(b)(6) dismissal . . . is the complaint."  <u>Schneider v. California</u>

16    <u>Dept. of Corr.</u>, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  In considering a motion to dismiss for

17    failure to state a claim, the court must accept as true the allegations of the complaint in question,

18    <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the

19    light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor.

20    <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, <u>reh'g denied</u>, 396 U.S. 869 (1969).  The federal system

21    is one of notice pleading.  <u>Galbraith v. County of Santa Clara</u>, 307 F.3d 1119, 1126 (2002).  "Rule

22    8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of

23    which apply to section 1983 actions.  <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed.

24    R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of

25    the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).  "Such a statement

26    must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon

27    which it rests."  <u>Swierkiewicz</u>, 534 U.S. at 512. .

28    ///

3

1    A court may dismiss a complaint only if it is clear that no relief could be granted under any

2    set of facts that could be proved consistent with the allegations. Id. at 514.  Discovery and summary

3    judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious

4    claims." Id. at 512.  "'The issue is not whether a plaintiff will ultimately prevail but whether the

5    claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the

6    pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353

7    F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also

8    Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the

9    opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir.

10   2001))).  A motion to dismiss for failure to state a claim should not be granted unless it appears

11   beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him

12   to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S.

13   41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th

14   Cir. 1981).

15   **A.    Due Process**

16   In the instant case, defendants argue, *inter alia*, that plaintiff has not alleged facts to support

17   a due process claim.  Defendants contend that even if plaintiff has alleged facts to show an

18   intentional deprivation, he cannot state a due process claim because he has other remedies under

19   federal law.  Defendants argue that the instant action is analogous to Hudson v. Palmer, 468 U.S.

20   517, 104 S. Ct. 3194 (1984), wherein the Supreme Court held that the destruction of a prisoner's

21   property during a shakedown search - even if intentional -  could not support a due process claim

22   because such harms were compensable under Virginia tort law.  Defendants argue that in the present

23   case, federal law provides adequate remedies for all post-seizure deprivations alleged in the

24   complaint, and that therefore there can be no due process violation.

25   The Due Process Clause protects prisoners from being deprived of property without due

26   process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected

27   interest in their personal property.  Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).  However,

28   while an authorized, intentional deprivation of property is actionable under the Due Process Clause,

4

1   see Hudson, 468 U.S at 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422

2   (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional

3   deprivation of property by a state employee does not constitute a violation of the procedural

4   requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful

5   postdeprivation remedy for the loss is available." Hudson, 468 U.S. at 533 (1984). Recognizing the

6   effectiveness of wholly random searches of cells to the security of penal institutions, and the

7   impracticability of predeprivation procedures in these instances, any corresponding deprivation of

8   property requires only a suitable postdeprivation remedy.  Id.

9        Defendants assert, citing United States v. Martinson, 809 F 2d 1364, 1368-70 (9th Cir.1987)

10  that district courts have jurisdiction to entertain actions against the United States for the return of

11  seized property once it is no longer needed for investigative or evidentiary purposes, or for

12  compensation if the property is lost or destroyed.  In Martinson, the Court of Appeals held that the

13  district courts have jurisdiction to entertain civil equitable proceedings for the return of property

14  seized by the government.  Id. at 1367.   Given the availability of this postdeprivation remedy to

15  plaintiff, the court finds that there is no due process violation to support this Bivens action.

16        Further, in opposition, plaintiff attributes the loss of his personal property to the

17  discriminatory practices of the Bureau of Prisons personnel against Mexican Americans.  Plaintiff

18  essentially concedes that the deprivation of his property was unauthorized and intentional. As

19  previously stated, there can be no violation of due process where there is a meaningful post-

20  deprivation remedy for the loss available.  Hudson. Because the defect in plaintiff's due process

21  claim cannot be cured, the court recommends that plaintiff not be given leave to amend.

22        **B.     Supervisory Liability**

23        Defendants further contend that they are entitled to dismissal of the claims against them

24  because plaintiff has not alleged any personal involvement by any of the defendants.  Defendants

25  argue that plaintiff appears to name them in their supervisory roles, and that there can be no liability

26  based on the doctrine of respondeat superior.  Although the court has already found that defendants

27  are entitled to dismissal of the claims against them for plaintiff's failure to state a due process claim,

28  the court shall briefly address their arguments for dismissal based on a lack of any personal

1   involvement.

2          Supervisory personnel cannot be held liable in a <u>Bivens</u> action for the actions of their

3   employees under a theory of <u>respondeat</u> <u>superior</u>.  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1018 (9th Cir.

4   1991).  As previously explained, liability against defendant Schultz must be premised on more than

5   his/her position as Warden.  A supervisor may be held liable for the constitutional violations of

6   subordinates 'if the supervisor participated in or directed the violations, or knew of the violations

7   and failed to act to prevent them.'"  <u>Hydrick v. Hunter</u>, 500 F.3d 987, 988 (9th Cir. 2007) (quoting

8   <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989)).  Here, plaintiff alleges that he wrote to

9   defendant Schultz after the incident and that defendant Schultz did not respond. There are no facts

10  alleged in plaintiff's complaint supporting any direct involvement by Defendant Schultz and there

11  are no facts alleged supporting liability under a theory of supervisory liability.   Accordingly,

12  defendant Schultz is also entitled to dismissal of the claims against him/her on these grounds.

13         Likewise, plaintiff's claims against defendant Miller must also be dismissed.  "A person

14  deprives another of a constitutional right, where that person 'does an affirmative act, participates in

15  another's affirmative acts, or omits to perform an act which [that person] is legally required to do

16  that causes the deprivation of which complaint is made.'"  <u>Hydrick</u>, 500 F.3d at 988 (quoting

17  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be

18  established not only by some kind of direct, personal participation in the deprivation, but also by

19  setting in motion a series of acts by others which the actor knows or reasonably should know would

20  cause others to inflict the constitutional injury.'"  <u>Id</u>. (quoting <u>Johnson</u> at 743-44).  Plaintiff does not

21  allege that defendant Miller participated in the search leading to the deprivation of plaintiff's

22  property, but raises allegations concerning his response upon learning of plaintiff's federal tort

23  claims action.  The fact that plaintiff spoke with defendant Miller after the fact does not amount to

24  a constitutional violation.

25         However, the court disagrees with defendants' contention that plaintiff has not alleged any

26  direct or personal involvement by defendant DeVere.  A supervisor may be held liable for the

27  constitutional violations of subordinates 'if the supervisor participated in or directed the violations,

28  or knew of the violations and failed to act to prevent them.'"  <u>Hydrick</u>   Plaintiff alleges that

6

defendant DeVere was present and conducting the search, that plaintiff informed defendant of the taking of his items by one of his officers, and that defendant told plaintiff that he did not have time for him.   Plaintiff has sufficiently alleged defendant DeVere's direct involvement in the incident. Of course, this is of little consequence because defendants, including defendant DeVere, are entitled to dismissal of the claims against them for plaintiff's failure to state any constitutional violation. Absent the existence of a violation of plaintiff's due process rights,  there is no basis upon which to impose supervisory liability against defendant DeVere.

**IV.    Qualified Immunity**

Given the court's recommendation that defendants' motion to dismiss for failure to state a claim be granted, the court does not reach defendants' other arguments.

**V.    Conclusion**

Based on the foregoing, the second, duplicative opposition is HEREBY STRICKEN from the record (court document 31).

Further, the court HEREBY RECOMMENDS that:

1.    Defendants' motion to dismiss for lack of subject matter jurisdiction, filed October 29, 2007  be DISREGARDED; and

2.    Defendants' motion to dismiss for failure to state a claim, filed October 29, 2007, be GRANTED, without leave to amend.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __August 3, 2008__          _____**/s/ Dennis L. Beck**_____
                                        UNITED STATES MAGISTRATE JUDGE